UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY M. SULLIVAN,<br><br>    Petitioner,<br><br>    v.<br><br>KATHLEEN ALLISON, Warden,<br><br>    Respondent. | Case No. 18-cv-00758-YGR (PR)<br><br>**ORDER FOR PETITIONER TO SHOW CAUSE** |

## I. BACKGROUND

Petitioner has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. He has paid the full filing fee. *See id.*, Receipt No. 34611131034. This suit was reassigned from a magistrate judge to the undersigned in light of a recent Ninth Circuit decision.[1]

Petitioner was convicted in San Mateo County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d).

## II. DISCUSSION

### A. Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court

---

[1] *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (magistrate judge lacked jurisdiction to dismiss case on initial screening because unserved defendants had not consented to proceed before magistrate judge).

must "specify all the grounds for relief available to the petitioner . . . [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B. Analysis**

Petitioner asserts multiple claims, including claims involving illegal search and seizure, violations of due process, and ineffective assistance of counsel. *See* Dkt. 1 at 5. However, he states that none of the claims were raised in state court. *Id.* at 3. Specifically, Petitioner claims that on direct appeal, he did not raise the same claims as those in the present federal petition. *Id.*

Before he may challenge either the fact or length of his confinement in a habeas petition in this Court, Petitioner must present to the California Supreme Court any claims he wishes to raise in his federal habeas petition. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). The general rule is that a federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *Id.*

A fully unexhausted federal habeas petition may not be stayed and must be dismissed. *See, e.g.*, *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that a fully unexhausted petition may not be stayed and observing: "Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."); *Jones v. McDaniel*, 320 Fed. Appx. 784, 786 (9th Cir.2009) (affirming the dismissal of a fully unexhausted petition and denial of a stay, because a "*Rhines*[2] stay is only available for a mixed habeas petition where at least some of the claims have been exhausted, and none of [petitioner's] claims were exhausted").

---

[2] *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

2

United States District Court
Northern District of California

It appears that Petitioner has presented a fully unexhausted petition. If the claims are unexhausted, the petition must be dismissed without prejudice and may be re-filed once the claim has been exhausted. However, Petitioner will be provided an opportunity to respond to the instant Order to Show Cause and demonstrate that the claims have been exhausted or file an amended petition raising the exhausted claims.

Furthermore, as mentioned above, Petitioner raises a claim involving an "illegal search and seizure." Dkt. 1 at 5. While Petitioner has indicated that such a claim is a violation of the "Sixth Amendment," *id.*, it should have been raised as a violation of the *Fourth* Amendment. However, Fourth Amendment claims are barred from federal habeas review unless the state did not provide an opportunity for full and fair litigation of those claims. *Stone v. Powell*, 428 U.S. 465, 481-82, 494 (1976). The existence of a state procedure allowing an opportunity for a full and fair litigation of Fourth Amendment claims, rather than a defendant's actual use of those procedures, bars federal habeas consideration of those claims. *See Gordon v. Duran*, 895 F.2d 610, 613-14 (9th Cir. 1990) (whether or not defendant litigated Fourth Amendment claim in state court is irrelevant if he had opportunity to do so under California law). California's state procedure provides an opportunity for full litigation of Fourth Amendment claims. *See id.*; Cal. Pen. Code § 1538.5. Therefore, his Fourth Amendment claim is DISMISSED. It appears, however, that Petitioner alleges that defense counsel was ineffective for failing to bring a Fourth Amendment challenge, or that he failed to bring an effective challenge, such a claim is cognizable.

### III. CONCLUSION

For the reasons outlined above, the Court order as follows:

1. Petitioner's Fourth Amendment claim is DISMISSED.

2. Petitioner shall show cause within **twenty-eight (28) days** of the date this Order is filed why this petition should not be dismissed without prejudice as unexhausted. Failure to file a response within the designated time will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: April 26, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge

3